UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TODD SHEPARD, )<br>)<br>Defendant. ) | Case No. 4:08CR00697 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Order and Recommendation of United States Magistrate Judge David D. Noce [doc. #77], pursuant to 28 U.S.C. § 636(b).

Defendant filed a Motion for Severance [doc. #61] and a Motion to Suppress Evidence [doc. #19 oral motion; doc. #64 documentary motion]. Magistrate Judge Noce recommended that both Motions be denied.[1] On July 8, 2009, Defendant filed timely Objections to the Report and Recommendation [doc. #79].

"[W]hen a party objects to the report and recommendation of a magistrate judge concerning a dispositive matter, '[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28

---

[1]Magistrate Judge Noce also ordered that the United States' Motion for Determination by Court of Admissibility of Arguably Suppressible Evidence [doc. #20 oral motion] be denied as moot. No objections were filed with respect to this order, so the Court will not address it at this time.

U.S.C. § 636(b)(1)).[2] The district court has wide discretion to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In this case, Defendant has presented only a generalized objection to the Magistrate Judge's Report and Recommendation.[3] He has not specified any particular portion of the report or proposed findings which he believes is in error. A generalized objection such as the one filed by Defendant generally does not warrant *de novo* review. *See, e.g.*, *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (holding that "a party must object . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"); *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988) ("A district judge should not have to guess what arguments an objecting party depends on when reviewing a

---

[2]28 U.S.C. § 636(b)(1)(B) provides that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court . . . ." The statute further provides that each party may file written objections within ten days of being served with a copy of the magistrate judge's report and recommendation. *Id.* § 636(b)(1).

[3]Specifically, Defendant's Objection merely states: "Defendant objects to the Magistrate Judge's ruling regarding his motion[s] as said rulings are against the weight of the evidence and against existing law. WHEREFORE, defendant respectfully requests this Court reject the Magistrate Judge's Report and Recommendation and requests that this Court enter an order granting defendant's motions to suppress and to sever defendants." (Def.'s Obj., doc. #79, pp.1-2).

magistrate's report."); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). *But see Cicio v. Does*, 321 F.3d 83, 90 n.5 (2d Cir. 2003) (timely objection that magistrate judge's report and recommendation was "clearly erroneous" was sufficient to warrant de novo review by the district court). Thus, because Defendant only made a broad, general objection, this Court need not conduct a *de novo* review.

Regardless of the adequacy of Defendant's objections, the Court finds that Magistrate Judge Noce did not err in denying Defendant's Motions. First, the Motion for Severance will be denied because the other defendants are charged in the same single count in the same indictment, making joinder proper under Federal Rule of Criminal Procedure 8. *United States v. Darden*, 70 F.3d 1507, 1527 (8th Cir. 1995). Additionally, joinder is proper under Federal Rule of Criminal Procedure 14 because Defendant failed to demonstrate that he will suffer actual substantial prejudice if he is tried with the other defendants in this case. *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir. 2003). Rather, Defendant merely speculates that his co-defendant may have made incriminating statements about him or that his co-defendant may testify on his own behalf or on Defendant's behalf. This speculation is not sufficient to establish substantial prejudice. Moreover, if Defendant's speculations come to fruition, the Court can protect Defendant's rights through proper jury instructions.

Second, the Motion to Suppress Evidence will be denied because the affidavit established "'a fair probability that contraband or evidence of a crime [would] be found'" at Defendant's residence at 6015 Hancock in Berkeley, Missouri. *United States v. Lakoskey*, 462 F.3d 965, 977 (8th Cir. 2006) (quoting *United States v. Sundby*, 186 F.3d 873, 875 (8th Cir. 1999)). Thus, probable cause existed for the issuance of the search warrant. Additionally, the credit card in the

name of Paul Williams was within the lawful scope of the search warrant, which included in the list of items to be seized various monetary instruments and records, with no ownership limitation.

The Court has considered the Report and Recommendation and hereby sustains, adopts, and incorporates herein the Magistrate Judge's Report and Recommendation in its entirety.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Severance [doc. #61] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence [doc. #19 oral motion; doc. #64 documentary motion] is **DENIED**.

Dated this 8th Day of September, 2009.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE